*Hechavarria v. Barr*

BIA
Reid, IJ
A028 333 385

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> JON O. NEWMAN,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

JOSEPH EMANUEL HECHAVARRIA, AKA
DAVID RILEY,

   *Petitioner*,

  v.           No. 15-3331

WILLIAM BARR, UNITED STATES
ATTORNEY GENERAL,

   *Respondent*.

_____

FOR PETITIONER:      SPENCER L. DURLAND, Timothy W. Hoover, Hodgson Russ LLP, Buffalo, NY.

FOR RESPONDENT:     JESI J. CARLSON, Office of Immigration Litigation (Joseph H. Hunt, Assistant

Attorney General; John W. Blakeley, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the Board of Immigration Appeals ("BIA") decision is **DENIED**.

Petitioner Joseph Hechavarria seeks review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ") ruling that he is removable as an aggravated felon due to his New York conviction of second-degree assault with a deadly weapon or dangerous instrument. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Hechavarria was born in Jamaica and lawfully entered the United States as a nonimmigrant visitor in 1984. After marrying a United States citizen, he became a lawful permanent resident on a conditional basis, but his conditional status was terminated pursuant to 8 U.S.C. § 1186a(c)(2). In 2011, Hechavarria was convicted in New York state court of second-degree assault in violation of New York Penal Law ("NYPL") § 120.05(2). "A person is guilty of assault in the second degree" under § 120.05(2) when, "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." NYPL § 120.05(2).

Based on this conviction, Hechavarria was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an "aggravated felony." The definition of "aggravated felony," 8 U.S.C. § 1101(a)(43)(F), includes any "crime of violence" as defined by 18 U.S.C. § 16, which in turn contains the now-invalidated "residual clause," *see Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), and the still-applicable "force clause." In 2013, an IJ

2

found that Hechavarria was removable both because his conditional residency terminated and because he was convicted of an aggravated felony. Hechavarria failed to timely appeal. Neither the charge of removability nor the IJ clarified whether New York second-degree assault qualified as a crime of violence under § 16's force or residual clause.

Hechavarria later applied for, among other things, asylum. The IJ rejected that application, holding that Hechavarria was statutorily ineligible because he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). Hechavarria appealed to the BIA, which held that the IJ's original determination in 2013 was the law of the case, so Hechavarria was precluded from relitigating whether his second-degree assault conviction was for an aggravated felony. The BIA then affirmed the IJ and dismissed the appeal.

Hechavarria timely filed a petition for review, arguing that the BIA erroneously applied the law-of-the-case doctrine in the face of controlling, intervening case law and asking us to remand to the agency for consideration in the first instance of whether his conviction is an aggravated felony. However, after briefing in this case was finished, we held that New York second-degree assault under NYPL § 120.05(2) is a crime of violence under § 16's force clause and thus an aggravated felony. *See Singh v. Barr*, 939 F.3d 457, 463–64 (2d Cir. 2019). Even if the BIA erred in its application of the law-of-the-case-doctrine, the outcome would not change and remand would be futile. *See Banegas Gomez v. Barr*, 922 F.3d 101, 107 (2d Cir. 2019).

The petition for review is therefore **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3